Regent Bottling Company and Home Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and John B. Reese, Father of John M. Reese, Deceased.

Argued June 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will & Keisling*, for appellants.

*P. Christian Hague*, with him *Meyer, Unkovic & Scott*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., September 11, 1973:

John M. Reese, age 21, was fatally injured on May 25, 1971 as a result of an accident suffered by him in the course of his employment with Regent Bottling Company. John B. Reese, father of deceased, filed a Fatal Claim Petition for Compensation by Dependents of Deceased Employe alleging that he was partially dependent on the deceased and entitled to the benefits as provided for in Section 307 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. 561. The Referee denied John B. Reese compensation because "the claimant failed to establish by sufficient credible evidence that he was dependent upon the deceased son through whom he claims compensation benefits." The Workmen's Compensation Appeal Board (Board) reversed the decision of the Referee and granted the claimant benefits based on partial dependency.

Employer-Appellant appeals this decision to this Court.

Appellant argues that the Board erred in its determination that the Appellee was partially dependent on his deceased son for income to run Appellee's household. Appellant also contends that since there was competent evidence to support the Referee's finding of no actual dependence between Appellee and his deceased son, the Board exceeded its authority in reversing this finding without taking additional testimony.

We agree with Appellant and reverse the decision of the Board.

Our scope of review in cases such as this is limited to a determination as to whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Arnold Coal & Supply Co., Inc. v. Markle*, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916

(1973); *Bayuk Cigar Company v. Hawn,* 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973).

Section 307 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §561(5) provides that in the absence of a surviving spouse or children entitled to workmen's compensation benefits, compensation shall be paid to a surviving mother or father of the deceased employee if that parent is ". . . dependent to any extent upon the employe at the time of the injury. . . ."

The test of dependency is whether or not ". . . the deceased employee's earnings were needed to provide the claimants with some of the ordinary necessaries of life suitable for persons in their class and position, and that the claimants were, in consequence, dependent to some extent upon him at the time of the accident causing his death. . . ." *Zedalis et ux v. Jeddo-Highland Coal Co.,* 113 Pa. Superior Ct. 49, 51, 172 A. 169, 170 (1934).

It should also be noted at this time that where parents are claiming compensation under the Workmen's Compensation Act for the death of an adult son, the burden of proof is on them to affirmatively show the fact of their dependency, *Davis v. Welsbach Corporation et al.,* 201 Pa. Superior 520, 193 A. 2d 621 (1963); *Di Campli v. General Electric Co.,* 193 Pa. Superior Ct. 427, 165 A. 2d 255 (1960), and that such a dependency existed at the time of the fatal accident. *Zedalis et ux v. Jeddo-Highland Coal Co.,* 113 Pa. Superior Ct. 49, 172 A. 169 (1934).

Evidence introduced by the Appellee indicates that the deceased contributed $20.00 of his earnings per week to aide in the administration of Appellee's household. Appellee's income at the time of his son's death consisted of a $166.00 per month pension from United States Steel Corporation, and $240.00 per month in

Social Security benefits.[1] Total income for Appellee, excluding the $80.00 a month received from his deceased son, therefore numbered approximately $406.00 per month. Monthly expenditures of the Appellee at the time of deceased's fatal accident totaled $446.31.

A simple comparison of income of Appellee versus necessary expenditures seems to indicate a partial dependency of Appellee on the deceased. However, after an examination of the testimony elicited at the hearing before the Referee and the applicable cases in this area, it is clear that an award of workmen's compensation benefits due to dependency is not proper in this case.

The deceased, a grown male with a relatively fixed income, contributed $20.00 per week to the running of Appellee's household. In return, the deceased received his meals and lodging. The price of deceased's food and cost of lodging was tallied in the Appellee's estimated normal monthly expenditure of $446.31.

Thus, we are faced with a situation where Appellee claims dependency on his deceased son even though the deceased received benefits, which were initially paid for by Appellee, in return for his contribution to the household.

In *Smitti v. Roth Cadillac Co.*, 145 Pa. Superior Ct. 292, 21 A. 2d 127 (1935); *Kelly v. Hudson Coal Co.*, 119 Pa. Superior Ct. 405, 179 A. 753 (1935) and *Zedalis et ux. v. Jeddo-Highland Coal Co.*, 113 Pa. Superior Ct. 49, 172 A. 169 (1934), awards were sustained to parents for partial dependency on the ground that the father's monthly income was less than the monthly family budget, and the deceased son had been contribut-

---

[1] Appellee received $150.00 in Social Security benefits. Appellee's wife, who was alive at the time of her son's death and whose income is therefore relevant to this inquiry, received $90.00 per month from Social Security. Thus, we arrive at the $240.00 per month total.

ing *his entire earning to the maintenance of his family.* As pointed out, this is not the situation in this case. Here the contribution by deceased, $20.00 per week, appears to be more of a payment for services rendered to him by Appellee, rather than a contribution necessary to sustain the maintenance of the family unit on a level to which they were accustomed. Although the estimated monthly expenditures of Appellee exceed his monthly income, excluding deceased's donation, we do not feel the facts lend themselves to an interpretation of partial dependency within the meaning of the Workmen's Compensation Law.

This decision is buttressed by an examination of the situation within the Appellee's household at the time of deceased's fatal accident.

Residing in Appellee's home at this time were Appellee's wife, the deceased, and deceased's brother Gregory, age 21. Although Gregory was employed at the time of his brother's death, he made no contributions to the funding of the household, even though Appellee testified that in his family unit Gregory was "the burden." The testimony, in fact, indicates that in the months preceding deceased's fatal accident, Appellee paid more than $1,000 of his son Gregory's expenses.

Although these facts are not conclusive on the question of dependency, we feel it fortifies our conclusion that the Board erred in finding that the Appellee depended on the deceased's earnings in order to maintain his household in the manner to which they were accustomed.

Appellant also argues that the Board, since the 1972 amendments to Workmen's Compensation Act, does not have the power to consider the credibility of the witnesses appearing before the Referee.[2] Appellant

---

[2] Appellee suggests that the Appellant is precluded from raising this issue because Appellant failed to raise in its exceptions to this

makes this argument in light of the fact that the Board reversed the Referee's fourth finding of fact, which determined that the Appellee "failed to establish by *sufficient credible evidence* that he was dependent of the deceased son through whom he claims compensation benefits." (Emphasis supplied.)

In *Universal Cyclops Steel Corporation and Pennsylvania Manufacturers' Association Insurance Company v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), this Court held that the altered language in the 1972 Amendments to the Workmen's Compensation Act indicates that the Board is now to consider only the competency and not the credibility of evidence presented before the Referee. Of course the Board may still consider the credibility of witnesses appearing before the Board and determine whether any conclusion reached by the Referee constitutes an error of law.

The Board, in reversing the Referee's fourth finding of fact, and substituting its own, determined from an "independent review of the record" that Appellee proved his dependency on the deceased by *"credible evidence."* Since no additional testimony was taken by the Board, the Board erred in passing on witnesses' credibility and in substituting its own finding for that of the Referee.

Our previous discussion on the dependency issue should indicate that we feel the Referee's finding of Appellee's lack of dependency on deceased is in accordance with the applicable law and is supported by com-

---

Court any question concerning the Board's power or lack of power to make its own findings of fact without taking further additional testimony.

We disagree and point to the exception to this Court which declared that the "Board erred in stating the claimant prove (sic) by credible evidence that he was depedent (sic) upon his deceased son" as sufficient to raise the issue now proffered by Appellant.

petent evidence. We mention this because the Board, in its opinion, interchanged the words "credible" and "competent" when it described the dependency evidence presented to the Referee and we emphasize that a reader should not interpret our decision in this case to be based solely on the Board's use or misuse of the word "credible."

### ORDER

AND NOW, this 11th day of September, 1973, the Order of the Workmen's Compensation Appeal Board dated January 19, 1973 granting compensation to John B. Reese is reversed and his claim is hereby denied.