Jack Leipziger, Trading as Congress Hotel, and Security Insurance Co. of Hartford, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Margaret Guida, Mother of Morris Guida, Deceased, Appellees.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Raymond J. Porreca,* for appellants.

*W. J. Krencewicz,* for appellee.

Opinion by Judge Blatt, March 8, 1974:

Morris Guida, 28 years old and unmarried, died on June 27, 1968 as a result of gunshot wounds received during a robbery of the Congress Hotel (employer) in Philadelphia. At the time of his death Guida was employed as a clerk in the hotel at a salary of $80.00 per week, and his mother, Margaret Guida (claimant), sought compensation benefits pursuant to Section 307(5) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §561. Following hearings, a referee found that Guida had died as a result of injuries suffered in the course of his employment and that the claimant was entitled to benefits because she had been partially dependent upon Guida at the time of his death. The referee's decision was affirmed by the Workmen's Compensation Appeal Board (Board) and the employer thereafter appealed to this Court.

On appeals to this Court in workmen's compensation cases, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Jessop Steel Company v. Workmen's Compensation Appeal Board and Okey Miller,* 10 Pa. Commonwealth Ct. 186, 309 A. 2d 86 (1973). And where, as here, the Board has taken no additional evidence, we must rely on the facts as found by the referee if they are supported by sufficient competent evidence. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

The essential question here seems to be one of dependency. At the time of Guida's death, Section 307 (5) of the Workmen's Compensation Act, 77 P.S. §561(5), provided: "If there be neither widow, widower, nor children entitled to compensation, then to

the father or mother, *if dependent to any extent upon the employe at the time of the accident,* thirty-two per centum of wages but not in excess of twenty-five dollars per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of thirty-eight dollars per week." (Emphasis added.)

The term "dependency" as used in the statute contemplates actual dependency and must affirmatively appear in the record as a fact. *Gaich v. Kerlin Construction Co., Inc.,* 170 Pa. Superior Ct. 535, 85 A. 2d 642 (1952). The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. *Regent Bottling Company v. Workmen's Compensation Appeal Board and Reese,* 10 Pa. Commonwealth Ct. 8, 309 A. 2d 265 (1973); *Zedalis v. Jeddo-Highland Coal Co.,* 113 Pa. Superior Ct. 49, 172 A. 169 (1934). If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. *Smitti v. Roth Cadillac Company,* 145 Pa. Superior Ct. 292, 21 A. 2d 127 (1941).

"Where parents are claiming compensation under the Workmen's Compensation Act for the death of an adult son, the burden of proof is on them to affirma-

tively show the fact of their dependency." *Davis v. Wilsbach Corporation*, 201 Pa. Superior Ct. 520, 525, 193 A. 2d 621, 623 (1963). "Dependency is not affirmatively established by mere proof of the receipt of contributions. . . ." *DiCampli v. General Electric Company*, 193 Pa. Superior Ct. 427, 431, 165 A. 2d 255, 257 (1960). If, however, an award of dependency is based upon competent evidence, or upon an inference fairly deducible therefrom, such award must be sustained even though on independent examination a court would have found otherwise. *Howard v. McClane*, 146 Pa. Superior Ct. 212, 22 A. 2d 225 (1941).

The record here indicates that the claimant resided with her husband, Guida's father, at the time of her son's death, and that the father's income consisted of $109.70 a month in Social Security benefits, a pension of $30.00 a month from the United Mine Workers of America and an award of $75.00 a month under Section 301(i) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, *as amended*, 77 P.S. §1401(i), making a total of $214.70 a month. The record also indicates that Guida, who did not live with his parents, gave the claimant $25.00 a week. The claimant testified that she received no money from her husband because he had "too much doctor bills" and that her only source of income was the contributions of her son.

We believe that there was sufficient competent evidence here on which the referee could properly find that the claimant was dependent on the weekly contributions she received from her deceased son. It is true that the claimant did not here detail her household expenses, but the referee was still able to rely on competent evidence, and on inferences reasonably deducible therefrom, to the effect that the son's contributions were needed to provide the claimant with the ordinary neces-

sities of life, since this was the only real income she had. It is interesting to note that the employer's own witness testified, over the claimant's objection, that upon reaching the age of 62 in 1969 the claimant was awarded dependent parent's benefits by the Social Security Administration on the basis of her son's death because he was found to have furnished at least one-half of her support.

Although the employer did not raise the issue in its brief, it did allege in its exceptions filed in this Court that the referee and the Board erred in finding that Guida's death was the result of an accident occurring in the course of his employment. We find this allegation to be without merit because the record reveals more than sufficient competent evidence on which to base such a finding. *See Chelden Radio Cab Company v. Workmen's Compensation Appeal Board and Horvath,* 10 Pa. Commonwealth Ct. 478, 310 A. 2d 726 (1973).

For the above reasons, therefore, we issue the following

### ORDER

Now, March 8, 1974, judgment is entered against Jack Leipziger, doing business as the Congress Hotel, and his insurance carrier, Security Insurance Company of Hartford, and in favor of the claimant, Margaret Guida, for compensation payable at the rate of $25.00 per week beginning July 4, 1968, and to continue during the claimant's lifetime, with interest at the legal rate on all deferred payments, and the sum of $750.00 for burial allowance.