Blairsville Transport Company and United States Fidelity & Guaranty Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Sarah McWilliams Steele, Mother of Richard Steele, Deceased, Appellees.
Sarah McWilliams Steele, Appellant, *v.* Workmen's Compensation Appeal Board, Blairsville Transport Company and United States Fidelity & Guaranty Company, Insurance Carrier, Appellees.

Argued September 11, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for Blairsville Transport Company and United States Fidelity & Guaranty Company.

*William H. Nast, Jr.,* for Sarah McWilliams Steele.

*James N. Diefenderfer,* for Workmen's Compensation Appeal Board.

OPINION BY JUDGE WILKINSON, December 6, 1974:

For purposes of this appeal, it is not contested that the claimant-appellee's son, Richard Steele, was within the course of his employment with employer-appellant at the time he was killed in a truck collision. It is also admitted that at the time of his death, the average weekly wage of the decedent was $189.50 and the statewide average weekly wage for his job classification was $141.00.

Sarah McWilliams Steele, a retired widow, filed a claim petition which was disputed by employer-appellant for lack of any showing of dependency. The referee found that claimant-appellee was partially dependent on the decedent, and awarded compensation at

the rate of $60.00 per week pursuant to Section 307(5) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §561(5) (Supp. 1974-1975). Employer-appellant appealed the referee's decision to the Workmen's Compensation Appeal Board which denied the employer-appellant's petition for supersedeas and affirmed the referee's decision, modifying the award to $45.12 per week. This appeal followed with employer-appellant contesting the Board's affirmance of the referee's determination of partial dependency, and the denial of supersedeas by the Board. Finally, claimant-appellee appeals the reduction of the award by the Board.

The amount of the award to which claimant-appellee is entitled if dependency to any extent can be shown is determined by Section 307 of the Workmen's Compensation Act, 77 P.S. §561, which provides, *inter alia*:

"In case of death, compensation shall be computed on the following basis, and distributed to the following persons:

. . . .

"5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury, thirty-two per centum of wages but not in excess of sixty-six and two-thirds per centum of the Statewide average weekly wage. . . ." However, the third paragraph of subsection 7, 77 P.S. §581, provides: "The wages upon which death compensation shall be based, shall not in any case be taken to exceed the Statewide average wage nor be less than forty per centum of the Statewide average wage."

Employer-appellant's position is that all of the quoted parts of Section 307 must be read together, and that the maximum compensation that could be awarded this particular claimant is controlled by subsection 7. That is, 32% of wages, as limited by subsection 7, means

32% of the Statewide average wage of $141.00—$45.12. This is also the position taken by the Board.

This construction of the statute ignores the plain meaning of Section 307(5). If the maximum ceiling for wages contained in subsection 7 is to apply to subsection 5, then the specific maximum limits in subsection 5 are rendered superfluous. In other words, if 32% of the Statewide average weekly wage is to be used as a maximum, then it is obvious that 66-2/3% of the same number can never be reached (i.e., 32% of the Statewide average weekly wage can never exceed 66-2/3% of the same number). The effect is, when a decedent's wages exceed the Statewide average weekly wage, that Section 307(5) would have to be construed as follows: To the mother or father of the decedent, 32% of the Statewide average weekly wage not to exceed 66-2/3% of the Statewide average weekly wage.

The Legislature would not intend that the specific maximum limitation expressed in a statute would never be able to be applied and rendered totally superfluous. Statutory Construction Act of 1972, 1 Pa. C.S. §1922(1). Therefore, we find that the specific maximum limitation of 66-2/3% of the Statewide average weekly wage as contained in Section 307(5) controls; and we hold that the proper amount of the award, if dependency can be shown, should be 32% of $189.50= $60.00 as found by the referee.

Employer-appellant raises the argument that the provisions of Section 413, Section 430 and Section 435 of the Workmen's Compensation Act, 77 P.S. §§771, 971, 991, in regard to supersedeas are a deprivation of property without due process of law. Section 430(b) sets out the considerations for granting supersedeas and places that decision at the discretion of the Board. Appellant has made no attempt to show how the requirement that he continue to pay what he has been adjudged obligated to pay violates due process when the Board

has exercised its discretion and denied the supersedeas petition. There is no right to supersedeas merely because a party disagrees with a decision and files an appeal. *Wilkinson v. United Parcel Service of Pennsylvania, Inc. (No. 2)*, 158 Pa. Superior Ct. 34, 43 A. 2d 414 (1945).

Employer-appellant also argues that even though the decedent performed maintenance tasks at the claimant-appellee's residence (where he lived), and even though he made payments for groceries, these facts by themselves do not establish dependency. With this we must agree.

The standard for dependency of parent upon child for purposes of the Workmen's Compensation Act was fully reviewed and discussed by Judge BLATT in *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 315 A. 2d 883 (1974). We believe that according to the standard established in *Leipziger, supra,* there was not sufficient competent evidence presented to the referee upon which he could properly find that the claimant-appellee was in fact dependent to any extent on the weekly contributions she received from the decedent. The record here indicates only that she received contributions, not that she *needed* them. This fact is not sufficient to establish dependency for purposes of the Workmen's Compensation Act. *DiCampli v. General Electric Company*, 193 Pa. Superior Ct. 427, 165 A. 2d 255 (1960).

Since there is not sufficient evidence in this record for the referee, or the Board, or this Court to determine whether the contributions of the decedent met the *Leipziger* test, and since able counsel for employer-appellant stated at oral argument that under the unusual facts in this case, he would not object to a remand for the widowed mother of decedent to attempt to offer further evidence that she could, in fact, meet the *Leipziger* test, we enter the following

## ORDER

Now, December 6, 1974, the order of the Workmen's Compensation Appeal Board, dated October 5, 1973, in the above matter is reversed and it is ordered that the record in this case be hereby remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion, including a rehearing if requested by the claimant, at which competent evidence, if any, of her dependency may be introduced and, if appropriate, for new findings and conclusions to be made based on any new evidence offered.