John and Dorothy Mikalonis, Parents of John Mikalonis, Deceased, Appellants v. Workmen's Compensation Appeal Board, Jacob M. Kallish and Security Insurance of Hartford, Insurance Carrier, Appellees.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three. Reargued April 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John L. Poserina,* with him *Michael I. Luber,* and, of counsel, *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for appellants.

*Raymond J. Porreca,* with him *James N. Diefen-derfer,* for appellees.

Opinion by President Judge Bowman, June 15, 1976:

John Mikalonis, Jr. (deceased) died of a gunshot wound of the chest on April 20, 1971, at the age of nineteen years, six months. Prior to his death, he had been employed by Jacob M. Kallish (employer) as a truck driver-helper earning a weekly "take home" salary of $100.00.

On December 31, 1971, John Mikalonis, Sr. and Dorothy Mikalonis (claimants) filed a fatal claim petition alleging themselves to be partially dependent parents of the deceased. The referee awarded claimants $25.00 per week, representing maximum partial dependency, as well as certain hospital and funeral expenses.

The employer appealed the referee's decision to the Workmen's Compensation Appeal Board on the grounds: (1) that the deceased was not in the course of his employment at the time of his death; (2) that claimants were not, in fact, dependent upon the deceased at the time of his death; and (3) that the referee erred in not admitting into evidence the written statement of one, Christopher Mitchell.

The Board rejected the employer's first and third arguments, but reversed the referee on the dependency issue. The Board apparently found that the referee's factual finding of need was not supported by substantial evidence, and, therefore, that his legal conclusion of dependency constituted an error of law. We agree with the Board concerning the dependency issue and affirm without passing upon the other two issues.

The referee made the following crucial finding of fact with which we are concerned: "4. Claimant's are the Father and Mother, respectively of their said de-

cedent, who lived with them, his parents, and regularly contributed $20.00 per week to their support; His said weekly contributions were needed by claimant's to carry the household expenses.''

In addition, he made the following conclusion of law: ''2. Claimant's are the partially dependent Parents of defendant's said deceased employee.''

The origin of our inquiry into these findings necessarily must be the applicable provision of The Pennsylvania Workmen's Compensation Act[1] (Act). Section 307(5) of the Act, in pertinent part, provides: ''If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury. . . . Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed. . . .''

The above language creates a presumption of the dependency of the parents of a minor child who received contributions from said child. Since the record clearly discloses that the deceased made contributions and that he was nineteen years of age,[2] a minor, claimants are entitled to the benefit of this statutory presumption. While the law with respect to presumptions is somewhat confused,[3] we believe that this presump-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §561(5).

[2] As the Act does not define who is a minor, we look to the Statutory Construction Act of 1972, 1 Pa. C.S. §1991, which defines minor to be "[a]n individual under the age of 21 years."

[3] *See Watkins v. Prudential Insurance Company*, 315 Pa. 497, 173 A. 644 (1934). The Supreme Court noted the following characterization of presumptions: " 'A presumption itself contributes no evidence, and has no probative quality. It is sometimes said that the presumption will tip the scale when the evidence is balanced. But, in truth, nothing tips the scale but evidence, and a presumption—being a legal rule or a legal conclusion—is not evidence. It

tion merely places upon the employer a duty to go forward with proof of nondependence, once proof of contribution by the minor has been offered. Here on cross-examination of Mrs. Mikalonis, the employer, in our opinion, met and neutralized the presumption, and, in fact, established evidence negating dependency.

At this juncture, we must recite the relevant testimony elicited from Mrs. Mikalonis during cross-examination. She stated that her annual salary was $5,000.00, as was her husband's, making claimants' annual income $10,000.00. Further, Mrs. Mikalonis testified to the following list of expenses for the household, which included claimants, the deceased, and Mr. Mikalonis, Sr.'s mother: (1) food, $55.00 per week, (2) mortgage, $71.00 per month, (3) gas, $25.00 per month, (4) electricity, $15.00 per month, (5) phone, $10.00 per month, and (6) loans, $5.00 per month. Additionally, she mentioned expenditures for medicine but did not testify to a specific dollar amount. These enumerated expenses total approximately $4,372.00 annually. We note that this was not a complete list of expenses, but we do observe that this "basic budg-

---

may represent and spring from certain evidential facts; and these facts may be put in the scale. But that is not putting in the presumption itself. A presumption may be called "an instrument of proof," in the sense that it determines from whom evidence shall come, and it may be called something "in the nature of evidence," for the same reason; or it may be called a substitute for evidence, and even "evidence"—in the sense that *it counts at the outset, for evidence enough to make a prima facie case. But the moment these conceptions give way to the perfectly distinct notion of evidence proper*—i.e., probative matter, which may be a basis of inference, something capable of being weighed in the scales of reason and compared and estimated with other matter of the probative sort—so that we get to treating the presumption of innocence or any other presumption, as being evidence in this its true sense, *then we have wandered into the region of shadows and phantoms.*' " 315 Pa. at 503, 173 A. at 647-48. (Emphasis added.)

et'' is approximately $5,500.00 less than total income without including the deceased's contributions.

Having discussed the financial situation of claimants, we then must analyze their dependency in terms of the test this Court enunciated in *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974): ''The term 'dependency' as used in the statute contemplates actual dependency and must affirmatively appear in the record as a fact. The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child.'' (Citations omitted.) Here, the record completely lacks any showing of such dependency. Contributions from the deceased did not from the record appear at all necessary to enable claimants to maintain their standard of living. The figures belie the referee's ''finding of need'' set forth above.

Despite the presumption of dependency, once the great disparity between income and expenses appeared, it became claimants' burden, as in any workmen's compensation claim, to prove their case,[4] *i.e.*, to establish their dependency within the *Leipziger* test.

We agree with the Board that our decision in *Regent Bottling Company v. Workmen's Compensation*

---

[4] *Noraselco v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 550, 332 A.2d 581 (1975).

*Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973), is very similar factually and persuasive here. In that case, as in the instant appeal, a son contributed twenty dollars a week to his father's household, and we found the twenty dollars to be merely payment for services rendered. In *Regent, supra,* we were "faced with a situation where Appellee claims dependency on his deceased son even though the deceased received benefits, which were initially paid for by Appellee, in return for his contribution to the household." 10 Pa. Commonwealth Ct. at 12, 309 A.2d at 267. Such is the case in this appeal.

We also observe that in *Blairsville Transport Company v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 616, 328 A.2d 911 (1974), this Court held that mere contributions by a deceased child are not sufficient to establish dependency. There the record did not contain sufficient competent evidence to establish real need within the parameters of the *Leipziger* standard. Such is the case with this record.

Claimants urge that our holding in *Glen Irvan Corporation v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 592, 323 A.2d 405 (1974), mandates our reversal of the Board's order. In *Irvan,* we did recognize the presumption of dependency created by Section 307(5) of the Act, but in addition, the record in that case established that the parents' income was less than their expenses, and that they were in actuality partially dependent upon their son. The record and the facts here make *Irvan* factually inapposite.

In conclusion, we stress that the review we have exercised here is consistent with our prior decisions. In a workmen's compensation case, where the party with the burden of proof prevailed before the referee and the Workmen's Compensation Appeal Board took no additional evidence, review by this Court is to de-

termine whether constitutional rights were violated, an error of law was committed, or a *necessary finding of fact of the referee was unsupported by substantial evidence,* leaving questions of evidentiary weight and credibility to the referee,[5] *e.g., Workmen's Compensation Appeal Board v. McGraw Edison,* 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975); *Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975). This record does not contain substantial evidence of need to support the referee's finding of need, thereby making the legal conclusion of dependency erroneous.

We therefore issue the following

ORDER

Now, June 15, 1976, the order of the Workmen's Compensation Appeal Board is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.

---

[5] We do not question the *credibility* of Mrs. Mikalonis' testimony.