Jennie E. Cornman, Mother of Thomas E. Cornman, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Chester Hill Borough and Ohio Casualty Insurance Company, Respondents.

414

Argued November 21, 1980, before Judges WILKIN-SON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*James A. Naddeo, Belin, Belin & Naddeo,* for petitioner.

*David P. Andrews,* with him *James S. Routch, Patterson, Evey, Routch, Black, Behrens & Dorezas,* for respondents.

OPINION BY JUDGE BLATT, February 2, 1981:

Thomas E. Cornman died as a result of injuries sustained while in the course of his employment with Chester Hill Borough. His mother, Jennie E. Cornman (claimant), with whom he resided at the time of his death, filed a Fatal Claim Petition pursuant to Section 307(5) of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended* 77 P.S.

§561(5)[1] After hearing, a referee found that the claimant had been partially dependent upon her son at the time of his death and awarded her compensation benefits in the amount of $38.99 per week. The Workmen's Compensation Appeal Board (Board) found on appeal, however, that the referee's findings were not supported by substantial evidence, reversed the referee and ordered the claim petition dismissed. The claimant thereafter appealed to this Court. We affirm.

In workmen's compensation cases our scope of review is limited to a determination as to whether or not constitutional rights were violated, an error of law was committed or any necessary finding of fact was unsupported by substantial evidence. *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 315 A.2d 883 (1974). Under the Act, the referee is the fact-finder and the Board may disregard the findings of fact of the referee only if they are not supported by sufficient competent evidence. *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The only issue before us is whether or not the claimant met her burden of proving that she was partially dependent upon the decedent at the time of his death. *Regent Bottling Company v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973). We believe that she did not.

It is well established that:

> The term 'dependency' as used in the statute contemplates actual dependency and must affirmatively appear in the record as a fact [cita-

---

[1] Section 307(5) of the Act provides in pertinent part:

If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury thirty-two per centum of wages but not in excess of the Statewide average weekly wage....

tion omitted]. The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death [citations omitted]. If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contributions from the child.

*Leipziger, supra* at 420, 315 A.2d at 883.

Receipt of contributions, standing alone, is not sufficient to establish dependency for purposes of the act. *Blairsville Transport Company v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 616, 328 A.2d 911 (1974).

At the time of her son's death, the claimant was receiving $221.80 a month in Social Security payments,[2] while her expenses were approximately $510 a month. She testified that the decedent contributed "around $50.00 a month" to the household and that her other two sons "would help" financially.[3]

While the decedent here contributed $50.00 a month to his mother, his food bills exceeded $80.00 a month and we are, therefore, presented with a situa-

---

[2] An additional Social Security check of $103.20 a month paid to the claimant's husband was used to pay the husband's debt at the rate of $89.00 per month, and the balance was sent to him at Warren State Hospital where he had been hospitalized for the previous three years.

[3] The claimant's son, James, contributed an average of $25.00 or $50.00 a month and her son, Martin, contributed an average of $50.00 to $75.00 a month but the record is not clear as to whether Martin made any contributions prior to his brother's death.

tion similar to that in *Regent Bottling Company, supra,* where the claimant asserted dependency on a deceased son despite the fact that the deceased had received benefits, originally paid for by the claimant, in return for his contribution to the household. In *Regent* we viewed the decedent's contribution as a payment for services rendered rather than as a contribution necessary for the maintenance of his parents' established standard of living. And, in the instant case, the Board, in reversing the referee, set aside certain of the referee's findings of fact and substituted its own finding that "[t]his testimony reveals that decedent's contribution didn't cover the cost of the food that he consumed." Moreover, there was no evidence that the decedent paid any other amount as board or rent. We believe that contributions such as those made by the decedent to his mother's household can be considered only as payment for services rendered and not as support. *WJAC, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 488, 395 A.2d 710 (1979).

We must, therefore, affirm the Board.

### ORDER

AND, Now, this 2nd day of February, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.