Lisa Paul, a/k/a Bernard Kleven, Appellant *v.* City of Philadelphia, Appellee.

Argued March 2, 1981, before Judges Mencer, Rogers and Palladino, sitting as a panel of three.

*Steven E. Angstreich, Krimsky, Luterman, Stein & Levy,* P.C., for appellant.

*Agostino Cammisa,* Assistant City Solicitor, with him, *Louis Arnold,* Assistant City Solicitor, *Judith Dean,* Deputy City Solicitor, and *Alan J. David,* City Solicitor, for appellee.

Opinion by Judge Palladino, April 14, 1981:

Lisa Paul a/k/a Bernard Kleven (appellant) brought an action in trespass against the City of Philadelphia (City) for the alleged wrongful demolition of a building owned by the appellant. The City responded by filing a counterclaim for the cost of the demolition. Upon consideration of cross Motions for Summary Judgment filed by the above-named parties, the Court of Common Pleas of Philadelphia County issued an order which denied the appellant's motion, granted the City's motion and entered judgment against appellant in the sum of $928.40.[1] This

---

[1] The sum of $928.40 represents the cost of the demolition incurred by the City of Philadelphia.

appeal followed in which the appellant seeks to have the lower court order reversed and judgment entered in his behalf for damages incurred as a result of the City's alleged wrongful demolition.

On February 1, 1973, appellant was notified by the Department of Licenses and Inspections (Department) that after inspection certain unoccupied premises owned by appellant had been declared a "public nuisance" and defined by Section 7-600 of the City Code. The notification informed appellant that if repairs were not instituted to bring the premises into compliance with the City Code, "appropriate remedial action (including demolition)" would be carried out by the City "as soon as possible with the cost thereof constituting a lien against the property." On May 25, 1973, an administrative hearing was held by the Department to review the aforementioned determination. Appellant was notified on June 5, 1973, that since no action had been taken to repair the premises, the determination of "public nuisance" would stand and the City intended to demolish the structure "as soon as possible." Appellant appealed the Department's final order to the Board of Licenses and Inspections Review (Board) which issued an order on October 10, 1974, affirming the Department's determination. After a final reinspection of the premises, notice was published in the Philadelphia Daily News on November 1, 1974, that the building would be demolished. Prior to the demolition, appellant filed an appeal of the Board's order with the court of common pleas, but failed to request a supersedeas to prevent demolition pending the outcome of the appeal. As a result, the demolition took place on or about January 16, 1975, thereby rendering the appeal of the Board's order moot. Appellant then instituted a trespass action and this appeal followed from the lower court's grant of the City's Motion for Summary Judgment.

Appellant raises the same four arguments on appeal as were set forth in support of his Motion for Summary Judgment: (1) the demolition constituted a taking of property without due process of law in that the City failed to afford him proper notice and opportunity to be heard; (2) the City failed to comply with Section 7-606 of the City Code in effecting the demolition; (3) the taking of an appeal from the Board's order to the court of common pleas acted as an automatic stay of the demolition proceedings; and (4) the City failed to comply with its Notice of Violation of February 1, 1973, in that the notice provided demolition would not occur without some affirmative legal action first being instituted.

It is well settled that a summary judgment may be granted only if " 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.' Pa. R.C.P. 1035(b)," *Capitol Investment Development Corp. v. Jayes,* 30 Pa. Commonwealth Ct. 283, 287, 373 A.2d 785, 787 (1977). Appellant does not maintain that genuine issues of material fact were raised below. Therefore, we are faced with the narrow issue of whether or not the City was entitled to judgment as a matter of law.

We hold that the City was entitled to judgment as a matter of law and that the lower court's opinion, as summarized below, more than adequately resolves the legal issues raised by appellant in this appeal.

The lower court concluded that appellant was not denied the right to procedural due process because he had received numerous notifications of the pending demolition, as well as two opportunities to appear and present evidence at administrative hearings conducted by the City. Furthermore, the court found that appellant had made no effort during the pendency of his appeal to the Board to remedy the haz-

ardous conditions on the property and that the demolition was a proper exercise of the City's police power to protect the public safety by eliminating a public nuisance.

Appellant's second contention alleging that the City failed to comply with Section 7-606 of the City Code was also found to be without merit. Section 7-606 does not, contrary to appellant's argument, provide that appellant be given 30 days in which to repair his property after an unsuccessful appeal before the Board. Moreover, an examination of the facts reveals that although a demolition notice appeared in the Philadelphia Daily News on November 1, 1974, the actual demolition did not take place until January 16, 1975, more than three months after the Board's order.

In regard to appellant's third argument, the trial court properly concluded that the appeal taken to the court of common pleas did not act as an automatic stay of the demolition action.[2] The proper procedure to stay the Board's order would have been to file a Petition for Supersedeas with the lower court. *See Blairsville Transportation Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 616, 328 A.2d 911 (1974), *Wilkinson v. United Parcel Service of Pennsylvania, Inc.,* 158 Pa. Superior Ct. 34, 43 A.2d 414 (1945).

Finally, with respect to appellant's last contention, the trial court concluded that the notifications were quite clear that demolition would ''be carried out as soon as possible'' if repairs were not made, and therefore appellant had no reasonable basis for believing that further legal action was necessary before demolition could occur.

---

[2] It is undisputed that at the time of the demolition there were no provisions, either in the City Code or the local court rules, which granted an automatic stay of demolition action pending appeal of the Board's decision to the court of common pleas.

The legal issues presented by this case were correctly resolved and ably set forth and discussed in detail in the opinion of Judge MATTHEW W. BULLOCK, JR., which is filed in the Court of Common Pleas of Philadelphia County at No. 5037 February Term 1975, Civil Trial Division.

Accordingly, we will enter the following

## ORDER

AND Now, April 14, 1981, the Order of the Court of Common Pleas of Philadelphia County, dated March 7, 1978, denying the Motion for Summary Judgment of Lisa Paul a/k/a Bernard Kleven and granting the Motion for Summary Judgment of the City of Philadelphia is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.