Ralph Walzer and Katherine Walzer, Parents of Robert Walzer, Deceased, Petitioners *v.* Workmen's Compensation Appeal Board (Globe Security, Inc. and Security Insurance Group), Respondents.

Argued May 7, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Edward H. Walter,* with him *Joseph J. Pass, Jr., Jubelirer, Pass & Intrieri, P.C.,* for petitioners.

*Kim Darragh, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., October 27, 1982:

Ralph and Katherine Walzer (claimants) appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision that awarded them only a funeral allowance, and not dependency benefits, for the death of their adult son, Robert Walzer.

Robert Walzer (decedent) was employed by Globe Security, Inc. as a security guard, when, in December 1975, he was killed in the course of his employment. He was 22 years old at the time of his death. Following the decedent's death, the claimants filed a Fatal Claim Petition, asserting that they were partially dependent upon their deceased son's income.

At the time of the decedent's death, claimant Ralph Walzer was employed and earning a gross annual salary of $12,584. Claimant Katherine Walzer was an unemployed housewife. The claimants owned their home free of any encumbrances, and were able to accumulate savings in excess of $1,300 during the year 1975. The decedent was single; and he resided and ate at his parents' home. His gross salary at the time of

his death was $7,821 a year, or $106 a week: out of which he made payments on the loan for his 1975 car, paid for car insurance, bought clothing, and acquired other items incidental to his life-style. At the time of the decedent's death, the claimants also had another son residing at their home, 19 year-old Raymond Walzer, who was employed.

In the proceedings on their Petition, the claimants sought to establish that, in the year preceding their son's death, their household expenses exceeded their income by more than $4,500. The claimants asserted that for the year 1975 their household expenses amounted to $17,083, and that their income was only $12,584, which was the salary of claimant Ralph Walzer. The claimants' evidence in support of their contention consisted of various documents, and testimony which, in the main, came from Mrs. Walzer.

On August 7, 1978, after having held several hearing sessions, the referee entered a decision dismissing the claimants' Petition. The referee concluded that the claimants had failed to prove that the decedent's earnings were needed to provide them, or either of them, with the ordinary necessities of life for people in their position. Following an appeal by the claimants, the Board, on February 14, 1979, remanded the case to the referee for clarification of his decision.

On September 22, 1980, the referee issued a new decision, and again dismissed the claimants' Petition. In setting forth the bases for his second decision, the referee made the finding that the claimants' valid expenses for the year 1975 were $12,526, instead of the $17,083 they had alleged. The referee also found that the claimants did not need the decedent's earnings to maintain their scale of life, and that, moreover, the claimants had been subsidizing the decedent. The referee added that he found Mrs. Walzer to be of questionable credibility in her testimony. Based on those

findings, the referee concluded that the claimants were not, in any way, dependent upon their deceased son. The referee did, however, award the claimants a funeral allowance of $1500.

On May 21, 1981, the Board entered an order affirming the referee's second decision. From that order the claimants appealed to this Court.

In the instant appeal, the claimants focus on the referee's computation of their total expenses for the year 1975. They argue that he erroneously excluded or reduced certain alleged expense items, and that he thereby arrived at an expense total that was less than their income for 1975. More specifically, the claimants assert that the referee erroneously excluded the cost of a new refrigerator and a new sewing machine; that he improperly allocated to the claimants' two sons part of the alleged food expense; and that he erred in excluding the insurance premiums and car repair bills the claimants allegedly had paid on behalf of their younger son, Raymond. The claimants also theorize that the referee erred in excluding from their list of 1975 expenses the income tax refund they received in *1976,* and in excluding the moneys they added to their savings account in 1975.[1]

Based on the foregoing assignments of error, the claimants argue, in sum, that they validly proved the excess of their 1975 expenses over their 1975 income; and that they, therefore, had been partially dependent upon their deceased son.

The test of dependency, in a case such as this, is whether or not the child's earnings were needed to

---

[1] According to the claimants, the addition to their savings account in 1975 was $1,304.79. The referee, in his second decision, concluded that the amount of savings was "more than $2,000.00." We cannot ascertain how the referee arrived at the latter figure, especially since in his initial decision he had agreed with the amount alleged by the claimants.

provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. *Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 315 A.2d 883 (1974); *Regent Bottling Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973).

The term "dependency" as used in the Workmen's Compensation Act[2] contemplates actual dependency, which must affirmatively appear in the record as a fact. *Id.* And, where the parents are claiming for the death of an adult child, they must bear the burden of affirmatively showing the fact of their dependency. *Leipziger; Regent Bottling Co.; Davis v. Welsbach Corp.,* 201 Pa. Superior Ct. 520, 193 A.2d 621 (1963).

The instant claimants, in addition to alleging a certain level of household expenses for the year preceding their son's death, also sought to establish their partial dependency by alleging certain contributions from him. The claimants' evidence concerning the contributions consisted of the testimony of Mrs. Walzer. She testified, at one point, that the decedent had contributed between $15 and $35 a week for food. Mrs. Walzer also asserted that the decedent had contributed $300 toward the purchase of the sewing machine and $200 for the refrigerator. As we have already noted, the referee found Mrs. Walzer's testimony to be less than credible with respect to the decedent's weekly contributions for food, and his contributions for the appliances. According to the referee, Mrs. Walzer was evasive and contradictory on both points.

---

[2] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1 *et seq.* The "dependency" provision of the Act, insofar as the instant case is concerned, is Section 307(5), 77 P.S. §561(5).

In a workmen's compensation case, the referee may accept or reject the testimony of any witness in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Given the referee's rejection of the testimonial evidence of the decedent's alleged contributions, we must accept the referee's finding that the decedent was not actually supporting his parents, at all.

Even where it is established that the deceased child had made contributions to his parents' household, such contributions are not considered to be support if they simply represented payments by an adult child for services and benefits he received from his parents. *Cornman v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 413, 424 A.2d 637 (1981); *Regent Bottling Co.* If contributions are of such a nature, they are not sufficient to sustain a claim of partial dependency by the parents; and that is so even if the parents have expenses that exceed their income. *Cornman; Regent Bottling Co.* Clearly, the same result must follow if there had been no contributions from the decedent.

Since the instant claimants did not establish, by evidence the referee found credible, that the decedent had in fact made contributions to the household, their challenges to the computation of their expenses become irrelevant. Even if the claimants did, in fact, have expenses that exceeded their income, the absence of proved contributions from the decedent defeats the claim of partial dependency.[3]

For the reasons set forth, the order of the Board is affirmed.

---

[3] As an aside, a person might wonder about the logical consistency between the claimants' allegation of a household financial deficit and their knowledged ability to accumulate savings in excess of $1,300 during the year in question.

ORDER

AND NOW, the 27th day of October, 1982, the order of the Workmen's Compensation Appeal Board, dated May 21, 1981, at No. A-80021, is affirmed. The employer and/or its insurance carrier shall pay to the claimants the sum of $1,500.00 as an allowance for funeral expenses.