# No. 1 Contracting Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Thomas C. Van Horn, Deceased by Patricia A., Mother), Respondents.

Submitted on briefs April 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David E. Heisler, Lenahan & Dempsey,* for petitioner.

*John J. Hagarty,* of counsel: *Sherman, Hagarty & Beaver, P.C.,* for respondent, Patricia A. Van Horn.

OPINION BY JUDGE ROGERS, May 16, 1983:

Thomas Clayton Van Horn, then twenty-one years of age, was, on November 18, 1974, killed in the course of performing his duties as a laborer and mechanic for Number 1 Contracting Corporation of West Pittston (employer). Thomas' mother (claimant) filed a fatal claim petition dated August 29, 1975 in which she avers the facts related to her son's employment and death and that she was financially dependent on her son and is, therefore, entitled to benefits pursuant to Section 307(5) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5). Following a number of evidentiary hearings conducted in the summer and autumn of 1976, a referee, in a lengthy written decision entered January 27, 1977, encompassing detailed factual findings and conclusions of law, denied the claimant's petition. The referee's findings and conclusions include the following pertinent to the issue of the claimant's dependency on her deceased son:

8. Claimant and her husband had annual gross earnings in the amount of $12,780.58 for the year 1974, or a weekly average income of $245.78.

. . . .

11. In a statement given by decedent's father to representatives of decedent's workmen's

compensation insurance carrier on November 29, 1974, 11 days following decedent's death, he said . . . that the decedent was contributing $30 a week for board, and that the decedent also contributed otherwise such as helping to buy clothes for the mother and children, and Christmas and birthday presents, for an average contribution of about $50 per week; however, at the hearing conducted on November 1, 1976 decedent's father testified that he really did not know what the decedent gave.

. . . .

13. To the time of his death, decedent was giving the Claimant between $35 and $40 per week, with no restrictions as to how the money was to be spent.

14. Decedent was contributing less than 20% of his gross wages to the Claimant, and in return was receiving lodging, meals and use of all facilities within the home.

. . . .

17. Decedent lived in the home owned by his parents, had full use of all the facilities, and was provided board, meals and lodging.

. . . .

19. Although Claimant submitted a list of weekly expenses indicating said expenses exceeded her and her husband's weekly net income including monies contributed by decedent, Claimant testified that the family did not go into debt.

20. The Referee has considerable difficulty in ascertaining the accuracy of the weekly expense list submitted by the Claimant; for example, the Claimant testified that of the $35 to

$40 she received from the decedent each week, she put $25 aside for payment of fuel oil to heat the home, with the remainder being spent for food; however, the weekly expense list indicates that a weekly sum of $16.15 was used for home heating during 1974, said computation based on $140 per fill-up multiplied by six and divided by 52.

. . . .

22. Claimant's evidence did not clearly establish whether the expenses appearing on the list referring to two motor vehicles, totalling a sum of $28.08 per week, involved the vehicle used by decedent but owned by the Claimant.

23. Of the $110 sum included in the weekly expense list for food, a certain undetermined portion of same was for food used by decedent, and if the number of resident members is divided equally into the total sum, then approximately $18.34 per week was used to feed the decedent.

24. A sum of $1500 was expended by the Claimant and her spouse for repair and improvement of Claimant's home in 1974, computed by the Claimant to be an average weekly expense for the year 1974 of $28.85; but said expense was not a continuing one but an isolated long term expense and one which should have been "amortized" over the useful life of said improvement and repair.

. . . .

27. The combined incomes of Claimant and her husband exceeded those sums used in providing the ordinary necessities of life to themselves and to their dependent children.

28. Decedent's weekly contributions constituted a payment for services rendered to him by the Claimant, and were not in the nature of contributions needed to provide Claimant with some of the ordinary necessaries of life suitable for persons in her class or position, or necessary to sustain the maintenance of the family unit on a level to which they were accustomed; said finding is substantiated by the actions of decedent's father in voluntarily leaving his employment immediately upon his son's demise and taking a lesser paying job following a two-week period of no employment, and Claimant's two non-resident employed children not making contribution to the family for maintenance.

*CONCLUSIONS OF LAW*

. . . .

6. Claimant, the mother of the decedent, failed to prove by sufficient, competent evidence that she was dependent to any extent upon the decedent at the time of the fatal injury, within the meaning of Section 307(5) of the Act.

The claimant appealed to the Workmen's Compensation Appeal Board from the referee's decision and the Board remanded the cause for further proceedings which proceedings had the ultimate result of granting the prayer of the claimant's Petition. On the occasion of the employer's appeal to this Court it is first argued that the Board's decision to remand the matter was in error and that the referee's decision should instead have been affirmed. Because we decide that this argument is meritorious we do not reach and do not decide any of the issues raised related to actions and decisions of the workmen's compensation authorities

following the Board's order of remand dated August 18, 1977.

In the case of an adult child killed at work, our cases construing Section 307(5) of the Act create with respect to a parent alleging dependency the burden of showing that the child in fact contributed to the parent's or household's expenses and that those contributions

> were needed to provide the parents with some
> of the ordinary necessities of life suitable for
> persons in their class and position, and that the
> parents were, consequently, dependent to some
> extent upon the child at the time of the accident
> causing his death.

*Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 315 A.2d 883 (1974). Several additional established principles are helpful in this case. Parents with income in excess of that required for such ordinary necessities of life are not dependent on contributions from their children within the meaning of this Section, *Mikalonis v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 166, 361 A.2d 483 (1976). Ordinary necessities do not include such "capital expenditures" as new siding for the claimant's house or furniture and amounts expended for such items are not properly chargeable to the claimant's expenses in the year of the child's death. *DeGuffroy & Associates v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 58, 415 A.2d 437 (1980); *WJAC, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 488, 395 A.2d 710 (1979). Finally, monies contributed by an adult child living in his or her parents' home and used by the parents to defray the expenses of room and board associated with having the child in the home are not contributions to the parents and will not sup-

port a finding of dependency. *Cornman v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 413, 424 A.2d 637 (1981); *Regent Bottling Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973).

In the light of these authorities and the record the decision of the referee was reasonable, legally correct and not in capricious disregard of the evidence. As we have indicated, the referee found that the claimant's necessary expenses were not in excess of her income. On this issue the evidence, consisting primarily of the claimant's 1974 joint Federal income tax return and a weekly household budget evidently prepared for the purposes of this litigation, was that the combined income of the claimant and her husband equalled some $245.00 per week before taxes and $200.00 after taxes. The weekly expense sheet, introduced by the claimant as an exhibit, indicates aggregate household expenses of around $267.00 but when the expenses listed for house siding, furniture, appliances, Thomas' automobile and Thomas' proportion of the weekly grocery budget, all properly disregarded by the referee, are subtracted from this total, it appears that the claimant's income just exceeded her expenses.[1]

The referee did not depend solely on this failure of the claimant's proofs. As evidenced by admissions of the claimant's husband described in factual finding number eleven, the referee concluded that Thomas' contributions were intended to defray the cost to his parents of maintaining him in their home and that, therefore, no dependency was established by those contributions.

In the opinion accompanying its order of remand the Board sought to justify its action as follows:

---

[1] The revised total of weekly expense is $198.94.

This case comes before the Workmen's Compensation Appeal Board on appeal by the Claimant from an Order of Referee Harry C. Shayhorn, disallowing Claimant's Petition for compensation as a dependent of a deceased employe for failure of proof. We have reviewed the record very closely and conclude that the Referee's Findings of Fact are not supported by sufficient competent evidence and, therefore, will reverse his decision and remand this case to him for modification of his Findings of Fact, Conclusions of Law and Order in accordance with the following Opinion.

The Board's proper appellate function in this class of case where the party with the burden of proof has not prevailed before the referee is to determine whether the referee's determination is in capricious disregard of the evidence. *Wheeling Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 279, 398 A.2d 1107 (1979). This is because the referee and not the Board has been charged with the responsibility of assessing the credibility of the witnesses and the weight of their testimony and the referee may, unless it is capricious to do so, reject even uncontradicted testimony of a witness and conclude that the statutory burden of proof and persuasion has not been met. *Zander v. Workmen's Compensation Appeal Board*, 68 Pa. Commonwealth Ct. 412, 449 A.2d 784 (1982) ; *Purolator Security Inc. v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 486, 434 A.2d 235 (1981).[2]

---

[2] The Board appears to have later recognized its error. In the opinion accompanying its second order of remand in this case, dated August 15, 1980, the Board concedes that its August 18, 1977 order might well have been viewed as an improper attempt by the Board to direct the factfinding function of the referee.

The referee did not capriciously disregard the evidence in this case. As was explicitly noted in the referee's decision (findings 11, 20, 22 and 23 reproduced above), the evidence proffered by the claimant in an attempt to establish her dependency was possessed of internal inconsistencies, inconsistencies in relation to the testimony of her husband, and inadequacies of explanation. For example, the claimant testified that before his death Thomas contributed $25 each week toward the household fuel bill but later testified that the household fuel bill toward which these contributions were made was about $16 per week. The claimant testified that Thomas contributed $35-40 per week and that no part of this amount was intended to defray his household expenses but statements in the form of admissions by the claimant's husband, made shortly after Thomas' death and recounted by an insurance adjustor and explicitly credited by the referee, indicated that Thomas contributed $50 each week and that $30 of each weekly payment were intended for "board."[3] Expense items submitted by the claimant and denominated "car expenses," "recreation," and "Alden's Department Store" were described by the referee as inadequately explained by the claimant's testimony. Finally, the referee notes that only Thomas' mother claimed to be dependent but that no attempt has been made to distinguish between her expenses and those of other household members including her husband and two adult children or to distinguish between her income and that made available to her by her husband. Cf. *Cook v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 278, 440 A.2d 652 (1982) (exclusion of expenses related to adult children attending college).

---

[3] The referee found that the remaining $20 was the approximate amount of the weekly food budget attributable to Thomas.

We recently described the proper function of remand as follows:

The decision of a workmen's compensation referee is properly reversed and remanded for a new decision only in case the referee's findings are unsupported by substantial evidence of record and are disregarded by the Board or the referee's findings fail to resolve a necessary issue raised by the evidence or by the parties. Section 423 of the Act, 77 P.S. §854. Forbes Pavilion Nursing Home v. Workmen's Compensation Appeal Board, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). A remand may not properly be ordered where the referee's findings satisfactorily resolve the issues presented and are supported by substantial competent evidence. Topps Chewing Gum, Inc. v. Workmen's Compensation Appeal Board, 56 Pa. Commonwealth Ct. 425, 425 A.2d 57 (1981); Stone Container Corp. v. Workmen's Compensation Appeal Board, 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980); Zurn Industries, Inc. v. Workmen's Compensation Appeal Board v. Morton, 22 Pa. Commonwealth Ct. 577, 349 A. 2d 773 (1976). Dissatisfaction by the Board with the referee's assessment of the credibility of the witnesses and the weight of the evidence will not justify a remand. Forbes.

Schuster v. Workmen's Compensation Appeal Board, 74 Pa. Commonwealth Ct. 56, 62, A.2d (1983) (Slip op. at pages 5-6). The Board's order of remand was not justified in this case.

The claimant, conceding the error of the Board's statement of its scope of review set forth above, asks nevertheless that the order of remand be upheld be-

cause the Board wrote the following in its accompanying opinion:

> This is the period, prior to death, which, under the case law, should be used in making the test. Dindino vs. Weekly Review Publishing Co., [188 Pa. Superior Ct. 606,] 149 A.2d 475 (1959). It was, indeed, an error of law for the Referee to use the period beginning with the date of the Decedent's death. The Dindino case, supra, clearly indicates that the standard would be the conditions existing over a reasonable period of time prior to the death of an employee.

The claimant additionally relies on the referee's factual finding number 28, reproduced above, and argues that the Board remanded the case because the referee's decision was predicated on evidence erroneously received having to do with the employment of the claimant's husband after Thomas' death. We reject this argument because the Board's opinion considered in its entirety does not support the proposed view of its order of remand, because the referee's decision clearly does not depend on the evidence now claimed to have been erroneously received, and, most importantly, because the evidence at issue was introduced *by the claimant's attorney* over the repeated objection of counsel for the employer.[4] The claimant brings to our attention no authority in support of his remarkable suggestion that a party may claim as error the tribunal's admission of evidence which that party introduced and which was admitted over the objection of his opponent. *Cf. Appeal of Bigham,* 123 Pa. 262, 16 A. 613 (1889) (one who solicits a decree may not take exception to it).

For all of these reasons the Board's Order here appealed must be vacated and the Order of the referee dated January 27, 1977, reinstated.

---

[4] *See* Reproduced Record pages 85a-89a.

### ORDER

AND Now, this 16th day of May, 1983, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter and dated August 18, 1977 is hereby vacated and the Order of the workmen's compensation referee dated January 27, 1977 is hereby reinstated.