Bill Mattern Paving and U. S. Fidelity & Guaranty Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anna Battrell, Mother of Robert Battrell, Deceased, Respondents.

Argued November 3, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioners.

*Douglas A. Campbell,* with him *Mansmann, Beggy & Campbell,* for respondents.

OPINION BY JUDGE ROGERS, November 29, 1977:

Robert L. Battrell was killed on June 17, 1974 when he was hit by a car during the course of his employment with Bill Mattern Paving. His mother, Anna Battrell, in whose home he lived at the time of his death, filed a fatal claim petition pursuant to Section 307(5) of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561(5). After a hearing, a referee found that Robert L. Battrell had died as a result of an accident which occurred during the course of his employment and that Anna Battrell had been partially dependent upon her son at the time of his death and was entitled to compensation benefits in the amount of $38.40 per week. The Workmen's Compensation Appeal Board affirmed the referee's decision. The employer has now appealed to this Court. We reverse.

The only question to be decided in this appeal is whether Anna Battrell was dependent upon her son at the time of his death. The intendment of dependency

in workmen's compensation cases has been described as:

> The term 'dependency' as used in the statute contemplates actual dependency and must affirmatively appear in the record as a fact. . . . The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. . . . If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. (Citations omitted.)

*Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974).

In the instant case, the deceased earned $120.00 per week. His mother testified that he gave her $25.00 per week for groceries, that he performed maintenance tasks around the house, such as painting and shoveling snow, and that he took her to places in his automobile. Mrs. Battrell's income from Social Security, rent and earnings was about $482.00 per month. These facts do not, in our opinion, support the conclusion of law that Mrs. Battrell was dependent on her son Robert.

The cases of *Mikalonis v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 166, 361 A.2d 483 (1976), and *Regent Bottling Company v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973), in each of which it was decided that there was no dependency, are instructive. In *Mikalonis, supra,* the son lived with his

parents (who had a combined income of $10,000.00) and contributed $20.00 per week to the household expenses. In *Regent Bottling Company, supra,* the son who lived with his father contributed $20.00 per week for household expenses. The father's monthly income, excluding the contributions from his son, was approximately $406.00 per month.

The instant case is distinguishable from *Leipziger v. Workmen's Compensation Appeal Board, supra,* in which we found parents to have been dependent upon their son. In *Leipziger,* the son did not live at home and received nothing of monetary value from his parents. The son gave his mother $25.00 per week to supplement her household income of only $214.70 per month.

We therefore conclude that Anna Battrell was not dependent upon her son Robert at the time of his death, and we reverse the order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 29th day of November, 1977, the Order of the Workmen's Compensation Appeal Board dated December 9, 1976 granting compensation to Anna Battrell is reversed and her claim petition is dismissed.