WJAC, Inc. and United States Fidelity & Guaranty Company, Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Edward & Margaret Verprauskus, Parents of John, Deceased, Respondents.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioners.

*Patrick A. Gleason,* with him *Gleason, DiFrancesco, Shahade & Markovitz,* for respondents.

OPINION BY JUDGE BLATT, January 3, 1979:

WJAC, Inc. (employer) and its insurer, United States Fidelity & Guaranty Company, appeal to us from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of death benefits to the surviving parents of John Verprauskus (decedent).

The Board and referee found that the decedent was killed in a job-related accident and this is not disputed in the appeal. The sole issue for our consideration is whether or not there is substantial evidence to support the finding that the decedent's parents (claimants) were partially dependent upon him for support.

At a hearing before the referee, the claimants testified that the decedent lived at home and that, although he did not pay room or board, he purchased approximately $10.00 worth of groceries every week and gave them about $20.00 per month for general expenses. He had also purchased some building materials for their home and contributed $100.00 towards the down payment for siding for the family house. In addition, he had worked around the house making various improvements and repairs to the house, and maintaining the family automobile. The claimants tes-

tified that, for the 12-month period prior to the decedent's death, their expenses had amounted to $14,064.00 while their combined income amounted to only $12,501.99, thus arguing that they needed the decedent's contributions. The employer contends, however, that the decedent's contributions amounted only to room and board, with him receiving more benefit from the arrangement than the claimants, and that the Board improperly considered certain expenditures as part of the expenses of the parents during the 12-month period prior to the accident.

The relevant test of dependency was stated by this Court in *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974):

> The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death. If the contribution of the deceased child were necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. (Citations omitted.)

Applying the above test here, we believe that the evidence is insufficient to support a finding of partial dependency, the facts of this case being well within our previously decided cases in which we held that the evidence did not support such a finding. For example, in *Bill Mattern Paving v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 520, 379 A.2d 1087 (1977), where the decedent also lived at home, we held that the deceased's contribution of

$100.00 per month for groceries and his performing maintenance around the house, such as painting and shoveling snow, was insufficient to establish dependency when his parent's income was $482.00 per month. Similarly, the claimants here, who had an income of approximately $1,000.00 per month, cannot be considered to have been dependent on the decedent's contributions of approximately $60.00 per month. Realistically, such contributions as the decedent made to the household of his parents here can be considered only as payment for services rendered (room and board) and not as support. *See Mikalonis v. Workmen's Compensation Appeal Board*, 25 Pa. Commonwealth Ct. 166, 361 A.2d 483 (1976); *Blairsville Transport Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 616, 328 A.2d 911 (1974); *Regent Bottling Co. v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973).

The claimants argue, however, that their yearly expenses exceeded their income by more than $1,500.00 and that the decedent's contributions were therefore necessary to close that gap. We agree with the employer, however, that the Board improperly included certain expenditures by the claimants in determining their necessary expenses for the year prior to the accident, including $1,000.00 for a stereo system that the decedent bought, $500.00 for a new bathroom, $2,092.00 for siding for the house, and $930.00 for furniture. We do not believe that such capital expenditures can be validly included as an expense item chargeable only to the year preceding the death of the decedent. And, when the claimant's expenses are considered without these expenditures, it is clear that their income is sufficient to cover their ordinary expenses.

We conclude that there was not sufficient evidence presented to warrant a finding that the claimants were

partially dependent upon the decedent, and we must therefore reverse the Board's order allowing benefits.

### ORDER

AND Now, this 3rd day of January, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.