# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karan and Pushpa Singh, and : 
Mandeep Rana, deceased, : 
                Petitioners : 
                 : 
        v. : No. 240 C.D. 2019
                 : 
Workers' Compensation Appeal Board : 
(Asha Corporation), : 
                Respondent : 
                 : 
Asha Corporation, : 
                Petitioner : 
                 : 
        v. : No. 347 C.D. 2019
                 : Submitted: March 26, 2020
Workers' Compensation Appeal Board : 
(Singh, Singh, and Rana, deceased), : 
                Respondents : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: May 1, 2020**

In these consolidated matters, Karan and Pushpa Singh (Claimants) and Asha Corporation (Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board), dated February 28, 2019. The Board reversed the decision of a Workers' Compensation Judge (WCJ), which granted Claimants'

fatal claim petition requesting benefits as a result of the death of Mandeep Rana (Decedent), Claimants' son. For the reasons set forth below, we reverse the Board's order in part, affirm the Board's order in part, and remand the matter to the Board for further proceedings consistent with this opinion.

## I. BACKGROUND

Employer is a franchisee of Dunkin' Donuts with three locations in Pennsylvania. Decedent worked for Employer as a restaurant manager "in training." Decedent worked primarily out of Employer's Wyncote location but was required to work at Employer's other locations as needed. On November 12, 2010, while traveling to another one of Employer's locations, Decedent was involved in a motor vehicle accident. On November 14, 2010, Decedent died as a result of the injuries he sustained in the motor vehicle accident.

On August 9, 2012, Claimants, who resided in India at the time of Decedent's death, filed a fatal claim petition, alleging that Decedent was involved in a work-related motor vehicle accident on November 12, 2010, which ultimately led to Decedent's death on November 14, 2010. Claimants further alleged that they were totally dependent on Decedent for support at the time of Decedent's death. In support of this contention, Mr. Singh testified regarding, *inter alia*, Claimants' sources of income, Claimants' monthly expenses, money that Decedent sent to Claimants on a monthly basis in 2008 and 2009, and money that Decedent sent to Claimants in January and March 2010.

On October 15, 2015, the WCJ issued a decision and order, granting Claimants' fatal claim petition. In so doing, the WCJ found, *inter alia*: (1) Decedent was acting in the course and scope of his employment with Employer at the time of the November 12, 2010 motor vehicle accident because Decedent was furthering

Employer's business affairs and/or was on a special assignment for Employer; (2) reciprocity for workers' compensation claims exists between India and the United States as required by Section 310 of the Workers' Compensation Act (Act);[1] (3) Claimants were dependent on Decedent for support; (4) Decedent's average weekly wage (AWW) was $1,500 per month or $375 per week, with a corresponding compensation rate of $337.50 or 90% of Decedent's AWW; and (5) Employer was responsible for the payment of all of Decedent's reasonable and necessary medical expenses and for the reimbursement of the Department of Public Welfare (DPW)[2] lien in the amount of $71,330.84. Employer appealed the WCJ's decision to the Board, and the Board reversed. In so doing, the Board concluded that Decedent was not acting in the course and scope of his employment at the time of the November 12, 2010 motor vehicle accident.

Claimants petitioned this Court for review. By opinion and order dated September 29, 2017, this Court concluded that Decedent was acting in the course

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 563. Section 310 of the Act provides, in relevant part:

> Alien widows, children and parents, not residents of the United States, shall be entitled to compensation, but only to the amount of fifty per centum of the compensation which would have been payable if they were residents of the United States[;] [p]rovided, [t]hat compensation benefits are granted residents of the United States under the laws of the foreign country in which the widow, children or parents reside. . . . In no event shall any nonresident alien widow or parent be entitled to compensation in the absence of proof that the alien widow or parent has actually been receiving a substantial portion of his or her support from the decedent.

[2] At some point after DPW asserted its lien in this matter, the General Assembly redesignated DPW as the Department of Human Services. *See* Section 103 of the Human Services Code, Act of June 13, 1967, P.L. 31, *as amended*, added by the Act of September 24, 2014, P.L. 2458, 62 P.S. § 103.

3

and scope of his employment at the time of the November 12, 2010 motor vehicle accident. As a result, this Court reversed the Board's order and remanded the matter to the Board for the consideration of the following issues previously raised by Employer on appeal from the WCJ's decision and order, but which the Board previously declined to reach:

1. Whether the WCJ erred in the calculation of Decedent's [AWW] and compensation rate;

2. Whether the WCJ erred in finding reciprocity exists for a United States citizen dependent pursuant to the workers' compensation laws of India;

3. Whether Decedent's parents[, Claimants in this matter,] failed to establish they received a substantial portion of their support from Decedent at the time of his death and were substantially dependent upon him;

4. Whether the WCJ erred by failing to account for Employer's subrogation interest against a third-party recovery made by Decedent's parents; and

5. Whether the WCJ erred in ordering payment of a DPW lien which was already paid out of the third-party recovery.

*Rana v. Workers' Comp. Appeal Bd. (Asha Corp.)*, 170 A.3d 1279, 1286 (Pa. Cmwlth. 2017).

On remand, the Board again reversed the WCJ's decision. In so doing, the Board concluded that there was absolutely no evidence in the record to support the WCJ's finding that reciprocity exists for a United States citizen under India's workers' compensation law. The Board reasoned that the document attached to Claimants' brief to the WCJ, which Claimants purported to be the relevant sections of India's workers' compensation law, could not support Claimants' burden of proof under the fatal claim petition because such document was submitted to the WCJ after the close of the evidentiary record. Although the Board believed that the WCJ

4

should have denied Claimants' fatal claim petition on this basis, the Board went on to address the remainder of the issues identified by this Court in its September 29, 2017 remand opinion and order. First, the Board concluded that the WCJ's calculation of Decedent's AWW and corresponding compensation rate was erroneous. The Board reasoned that Decedent's wages were fixed by the month, and, therefore, the WCJ should have calculated Decedent's AWW pursuant to Section 309(b) of the Act[3]—*i.e.*, ($1,500 x 12)/52 or $346.15. The Board further reasoned that the WCJ should have determined Claimants' corresponding compensation rate pursuant to Section 307(5) of the Act[4]—*i.e.*, either 32% of the AWW for partial dependency or 52% of the AWW for total dependency. Second, the Board concluded that, while the WCJ's finding that Claimants were totally dependent on Decedent for support was not supported by substantial evidence, Mr. Singh's credited testimony, when taken as a whole, supported a finding that Claimants were at least partially dependent on Decedent because Claimants did not meet their regular monthly expenses with their regular monthly income. Lastly, the Board concluded that the evidentiary record is devoid of information upon which the Board could resolve the issues of whether the WCJ erred by failing to account for

---

[3] 77 P.S. § 582(b). Section 309(b) of the Act provides: "If at the time of the injury the wages are fixed by the month, the average weekly wage shall be the monthly wage so fixed multiplied by twelve and divided by fifty-two[.]"

[4] 77 P.S. § 561(5). Section 307(5) of the Act provides:

> If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury, thirty-two per centum of wages but not in excess of the Statewide average weekly wage[;] . . . [i]f the father or mother was totally dependent upon the deceased employe at the time of the injury, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of the Statewide average weekly wage.

5

Employer's subrogation interest against a third-party recovery made by Claimants or by ordering payment of the DPW lien. The Board explained that there was no documentation relative to a third-party settlement that had been submitted into the record or any discussion about a third-party settlement on the record at any hearing, and, therefore, it did not have sufficient information to resolve these issues. Claimants and Employer then petitioned this Court for review.

## II. ARGUMENTS ON APPEAL

On appeal,[5] Claimants argue that the Board erred by: (1) reversing the WCJ's finding of reciprocity for a United States citizen to collect benefits under the workers' compensation laws of India; (2) calculating Decedent's AWW without consideration of the mandate set forth in Section 307 of the Act that a deceased employee's wages should not be less than 50% of the statewide AWW; and (3) failing to affirm the WCJ's directive that Employer reimburse DPW for its lien in the amount of $71,330.84. In its cross-petition for review, Employer argues: (1) the Board committed an error of law by failing to consider whether Claimants were dependent on Decedent for support "at the time of the injury"—*i.e.*, at the time of Decedent's death; (2) the Board's finding that Claimants were partially dependent on Decedent for support is not supported by substantial evidence; and (3) in the event that this Court concludes that Claimants are entitled to compensation under their fatal claim petition, the matter should be remanded to the WCJ for consideration of Claimants' third-party recovery and its effect on the reimbursement of the DPW lien. We will discuss the parties' arguments in the most logical order below.

---

[5] "Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence[,] and whether constitutional rights were violated." *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776, 778 n.1 (Pa. Cmwlth. 2008), *appeal denied*, 967 A.2d 961 (Pa. 2009).

### III. DISCUSSION

### A. Reciprocity

Claimants argue that the Board erred by reversing the WCJ's finding of reciprocity for a United States citizen to collect benefits under the workers' compensation laws of India, because the relevant sections of India's workers' compensation law "provide for the payment of death benefits to dependents residing in the [United States] of relatives killed in work accidents in India." (Claimants' Br. at 14.) Claimants further argue that it was Employer's burden to establish a lack of reciprocity with India's workers' compensation law, because Employer asserted reciprocity as an affirmative defense for the first time in its brief to the WCJ. Claimants also contend that, even if it was their burden to establish reciprocity, they were not required to enter the relevant sections of India's workers' compensation law into the evidentiary record to meet their burden of proof, because the WCJ had the power to and did take judicial notice of such relevant sections of India's workers' compensation law. In response, Employer argues that the Board properly concluded that Claimants failed to meet their burden of proof under their fatal claim petition because they failed to establish that reciprocity exists for a United States citizen under India's workers' compensation law. More specifically, Employer contends that the WCJ could not have considered the unauthenticated text that Claimants submitted after the close of the record, which Claimants purport are the relevant sections of India's workers' compensation law, because such unauthenticated text was not part of the evidentiary record.

It is important to recognize that Employer's entire challenge to the WCJ's finding of reciprocity before the Board related to the timing of Claimants' submission of the content of India's workers' compensation law, not the substance

7

of such submission. Employer alleged that Claimants did not meet their burden of proof because they submitted unauthenticated text, which Claimants purported to be the relevant sections of India's workers' compensation law, to the WCJ after the close of the evidentiary record. Employer did not argue that Claimants' submission was not in fact India's workers' compensation law, or a proper translation thereof, or that India's workers' compensation law does not provide workers' compensation benefits to United States residents as required by Section 310 of the Act. Thus, we will limit our analysis to the question of whether Claimants were required to submit the content of India's workers' compensation law into the record, and we will not consider the question of whether the WCJ properly concluded that reciprocity for workers' compensation claims exists between India and the United States.

While it is true that, "[i]n a fatal claim petition, the surviving family member[s] bear[] the burden of proving all of the elements necessary to support an award under the [Act]," *Werner v. Workers' Compensation Appeal Board (Greenleaf Service Corporation)*, 28 A.3d 245 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012), this does not mean that Claimants were required to "prove" that India's workers' compensation law grants workers' compensation benefits to United States residents. *Werner*, 28 A.3d at 250. This case involves a legal burden, not an evidentiary one. Claimants, or more accurately, Claimants' attorney, was required to set forth what she believed to be the relevant sections of India's workers' compensation law and provide a legal argument regarding whether India's workers' compensation law grants workers' compensation benefits to United States residents, which she did. The WCJ was then required to review India's workers' compensation law and decide whether India's workers' compensation law grants workers' compensation benefits to United States residents—*i.e.*, whether there is reciprocity

8

for workers' compensation claims between India and the United States. Although the Judicial Code, 42 Pa. C.S. §§ 101-9913, is not applicable in workers' compensation proceedings, as it only applies to the "unified judicial system,"[6] common sense dictates that a WCJ should be able to consider any relevant material or source on foreign law regardless of whether such material or source was submitted into evidence by a party or was admissible. *See* Section 5327(b) of the Judicial Code, 42 Pa. C.S. § 5327(b).[7] For these reasons, Claimants were not required to submit the content of India's workers' compensation law into the evidentiary record for the WCJ to make a determination regarding reciprocity, and, given the argument raised by Employer on appeal to the Board, we must conclude that the Board erred by reversing the WCJ's finding of reciprocity for a United States citizen to collect benefits under the workers' compensation laws of India.

## B. Dependency

Employer argues that the Board committed an error of law by failing to consider whether Claimants were dependent on Decedent for support "at the time of the injury"—*i.e.*, at the time of Decedent's death—because, based on Mr. Singh's testimony, Decedent made no contributions to Claimants' support in the 7 months prior to his death. Employer further argues that the Board's finding that Claimants were partially dependent on Decedent for support at the time of his death is not supported by substantial evidence. Employer contends that, to be dependent, there

---

[6] *See* 42 Pa. C.S. §§ 102-103; *see also Indep. Blue Cross v. Workers' Comp. Appeal Bd. (Frankford Hosp.)*, 820 A.2d 868, 874 (Pa. Cmwlth. 2003) (noting that Section 2503 of Judicial Code, 42 Pa. C.S. § 2503, which addresses rights of participants to receive attorneys' fees, only applies to unified judicial system).

[7] Section 5327(b) of the Judicial Code provides: "In determining the law of any jurisdiction or governmental unit thereof outside this Commonwealth, the tribunal may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence."

9

must be a deficit between Claimants' reasonable monthly expenses and normal monthly income and that, because Mr. Singh did not specifically identify Claimants' monthly expenses, the WCJ could not have determined whether such expenses were reasonable. In response, Claimants argue that the Board's finding that Claimants were partially dependent on Decedent for support at the time of his death was supported by substantial evidence.

In workers' compensation proceedings, "the test of dependency is whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his or her death." *Wyoming Valley Health Care Sys. v. Workers' Comp. Appeal Bd. (Kalwaytis)*, 921 A.2d 91, 93 (Pa. Cmwlth. 2007) (citing *Lineal Indus., Inc. v. Worker's Comp. Appeal Bd. (Essel)*, 669 A.2d 329, 332-33 (Pa. 1995)). In *Lineal Industries*, our Supreme Court stated the following about proving dependency:

> In order to be eligible for compensation, the father or mother must "to any extent" be dependent upon the financial contributions of the deceased child. This means, simply, that when normal monthly bills extant at the time of the child's death are set off against normal monthly income of the parent, there is a deficit, absent the child's contribution. Further, in order to qualify as "dependent," these regular monthly expenditures must be reasonable in light of the life circumstances of the parent at the time of the child's death.

*Lineal Indus.*, 669 A.2d at 332. In the context of dependency involving fatal claims, "at the time of the injury" has been interpreted to mean dependency not just during the period of time immediately preceding death but also a reasonable period of time

10

prior to death. *Dindino v. Weekly Review Publ'g Co., Inc.*, 149 A.2d 475, 478 (Pa. Super. 1959).[8]

Here, Employer is essentially asking this Court to reweigh the evidence considered by the Board and find that Claimants were not partially dependent on Decedent for support at the time of his death, which we will not do. *See Brown v. Workers' Comp. Appeal Bd. (Knight Ridder, Inc./Phila. Newspapers, Inc.)*, 856 A.2d 302, 307 (Pa. Cmwlth. 2004). In determining whether Claimants were partially dependent on Decedent for support at the time of his death, the Board considered Mr. Singh's testimony:

> Mr. Singh testified that he and his wife were married on May 11, 1969[,] and have two sons, one of whom was Decedent. They live in Faridabad. Mr. Singh testified that he retired from Goodyear Tire Company in 2005, and that his wife had not worked outside the home. They lived in a house with no mortgage. He did not have a credit card. Mr. Singh stated that he received a private pension of 765 rupees per month and a government pension of about 500 rupees. He received about $50.00 per month in rental income. He also received money for performing charitable work, which he had started after Decedent's death. He estimated his monthly expenses as about 20,000 rupees, which is about $500.00, at the time of Decedent's death. Mr. Singh also testified that the rate of exchange was approximately 50 to 52 rupees to $1.00.
>
> Mr. Singh testified that Decedent traveled to the United States on May 20, 2008[,] and began working for [Employer] as a trainee on May 22, 2008. He stated that Decedent asked for 150,000 rupees to go to the United States, and that [he] sold a car which was being used as a taxi for hire to provide the funds. During the first year[,] Decedent sent home about 50,000 [rupees] per month

---

[8] While we recognize that Pennsylvania Superior Court cases are not binding on this Court, such cases "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

regularly. Mr. Singh stated that 50,000 rupees was approximately $1,000.00.

Mr. Singh testified that Decedent had a J1 visa for [1] year, beginning May 22, 2008, and returned to India on June 10, 2009. Decedent stayed in India for [1] month and 16 or 17 days and returned to the United States on July 28, 2009. During the second year[,] Decedent had expenses for his studies so he did not send as much money. Mr. Singh stated that Claimants used proceeds from the sale of land owned by Decedent and money that Decedent sent to support themselves. On cross-examination, Mr. Singh testified that he had received approximately 250,000 rupees from the sale of Decedent's land and gave 150,000 to Decedent. He stated that the proceeds were not used for anything in particular, just to support their life, and that his older son gave him money for emergencies. He elaborated that the older son did not give him money regularly and that he had to ask.

Mr. Singh further testified that his older son was living with him at the time of Decedent's death and was earning very little money, so part of the household expenses at that time were attributable to the older son. The mortgage was paid off during the first year Decedent worked in the United States and there was no mortgage on the house at the time of Mr. Singh's deposition. He agreed that his bank statements showed a deposit of 44,620.5 rupees on January 12, 2010 and a deposit of 22,453 rupees on March 8, 2010, sent by Decedent. He had not received any further money from Decedent.

(Board's Decision, Feb. 28, 2019, at 8-10 (record citations omitted).) Based on such testimony, the Board found that Claimants were partially dependent on Decedent at the time of his death. The Board reasoned:

We agree that Mr. Singh's testimony is vague. Claimants were apparently not without resources at the time of Decedent's death; Mr. Singh testified that assets were sold to finance Decedent's education and that Claimants owned a residence unencumbered by a mortgage. While his testimony as to income was reasonably specific, Mr. Singh provided no information as to the cost of living in Faridabad and no information to substantiate his

12

> representation that Claimants' general household expenses were 20,000 rupees per month. Further, Mr. Singh's testimony as to the rate of exchange was inconsistent. Taken as a whole, however, Mr. Singh's credited testimony supports a finding that Claimants' regular monthly income did not meet their regular monthly expenses.

(*Id.* at 10-11.) Although not specifically stated, it can be inferred by the Board's discussion that the Board considered whether Claimants' dependency existed at the time of Decedent's death. For these reasons, we cannot conclude that the Board failed to consider whether Claimants were dependent on Decedent for support "at the time of the injury" or that the Board's finding that Claimants were partially dependent on Decedent for support at the time of his death is not supported by substantial evidence.

## C. Calculation of Decedent's AWW

Claimants argue that the Board erred by calculating Decedent's AWW without consideration of the mandate set forth in Section 307 of the Act that a deceased employee's wages should not be less than 50% of the statewide AWW.[9] Section 307 identifies those family members who are entitled to receive compensation upon an employee's death and how to compute the corresponding compensation rate. Before the compensation rate can be computed, however,

---

[9] Employer has not presented any substantive response in opposition to Claimants' argument that the Board erred by calculating Decedent's AWW without consideration of the mandate set forth in Section 307 of the Act that a deceased employee's wages should not be less than 50% of the statewide AWW. Rather, Employer argues that Claimants waived this issue by failing to raise it in their petition for review. Pennsylvania Rule of Appellate Procedure 1513(d)(5) provides that a petition for review in our appellate jurisdiction must contain: "a general statement of the objections to the order or other determination, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the [C]ourt is able to address the issue based on the certified record." We see no reason why we cannot address Claimants' argument based on the contents of the certified record, and, therefore, we cannot conclude that Claimants waived the issue on appeal.

Section 307 of the Act mandates that "in no case shall the wages of the deceased be taken to be less than [50%] of the [s]tatewide [AWW]." Because Decedent's wages were fixed by the month, the Board calculated Decedent's AWW pursuant to Section 309(b) of the Act—*i.e.*, ($1,500 x 12)/52 or $346.15. Claimants do not dispute this calculation but, rather, appear to contend that the Board's starting point for determining Claimants' corresponding compensation rate was erroneous because Decedent's AWW was less than 50% of the statewide AWW. We agree. The statewide AWW for 2010 was $845.00. 40 Pa. B. 479 (Jan. 16, 2010). In 2010, 50% of the statewide AWW was $422.50. Given that Decedent's AWW calculated pursuant to Section 309(b) of the Act is less than 50% of the statewide AWW for 2010, Decedent's wages, for the purposes of calculating Claimants' corresponding compensation rate pursuant to Section 307 of the Act, should have been $422.50, not $346.15. For these reasons, we must conclude that the Board erred by calculating Decedent's AWW without consideration of the mandate set forth in Section 307 of the Act that a deceased employee's wages should not be less than 50% of the statewide AWW.

Due to the Board's error, we must remand the matter to the Board with instructions to remand the matter to the WCJ for a determination of Claimants' corresponding compensation rate based on weekly wages in the amount of $422.50. On remand, the WCJ should take into consideration the following statutory provisions: (1) Section 307(5) of the Act provides that parents of a deceased employee who are partially dependent on the deceased employee for support at the time of injury are entitled to receive 32% of the deceased employee's wages; and (2) Section 310 of the Act provides that parents of a deceased employee who are not

14

residents of the United States are only entitled to receive 50% of the compensation that would have been payable if they were residents of the United States.

## D. Third-Party Recovery and DPW Lien

Claimants argue that the Board erred by failing to affirm the WCJ's directive that Employer reimburse DPW for its lien in the amount of $71,330.84. More specifically, Claimants contend that, irrespective of the third-party settlement and any compromise made by DPW in connection with such settlement, DPW should be entitled to the full amount of its lien if there is an avenue of recovery—*i.e.*, this workers' compensation matter. Employer, on the other hand, contends that this matter should be remanded to the WCJ for consideration of Claimants' third-party recovery and its effect on the reimbursement of the DPW lien. More specifically, Employer contends that the WCJ did not address Claimants' third-party recovery in her decision because the settlement of the third-party claim went undisclosed, and, therefore, the matter should be remanded to the WCJ for consideration of Employer's potential subrogation interest and the potential effect of the third-party settlement on DPW's lien.

The Board concluded that the evidentiary record is devoid of information upon which it could resolve the issues of whether the WCJ erred by failing to account for Employer's subrogation interest against a third-party recovery made by Decedent's parents or by ordering payment of the DPW lien. The Board explained that there was no documentation relative to a third-party settlement that had been submitted into the record or any discussion about a third-party settlement on the record at any hearing, and, therefore, it did not have sufficient information to resolve these issues. We agree with the Board that, given the lack of information in the record regarding the third-party settlement, the issues relative to the third-party

15

settlement cannot be addressed on appeal. In light of the fact that Employer was not aware of the third-party settlement at the time of the proceedings before the WCJ, a fact that Claimants do not appear to dispute, we must remand the matter to the Board with instructions to remand the matter to the WCJ to address Claimants' third-party settlement and its effect on these proceedings.

## IV. CONCLUSION

Accordingly, we affirm, in part, and reverse, in part, the Board's order and remand the matter to the Board with instructions to remand the matter to the WCJ to: (1) determine Claimants' corresponding compensation rate based on an average weekly wage of $422.50; and (2) issue findings of fact and conclusions of law relative to Claimants' third-party settlement and to thereafter determine: (a) what effect, if any, the third-party settlement has on the payment of DPW's lien by Employer as part of these proceedings; and (b) whether Employer has a subrogation interest in this matter as a result of the third-party settlement.

P. KEVIN BROBSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karan and Pushpa Singh, and
Mandeep Rana, deceased,
                    Petitioners

          v.                              No. 240 C.D. 2019

Workers' Compensation Appeal Board
(Asha Corporation),
                    Respondent

Asha Corporation,
                    Petitioner

          v.                              No. 347 C.D. 2019

Workers' Compensation Appeal Board
(Singh, Singh, and Rana, deceased),
                    Respondents

## **O R D E R**

AND NOW, this 1st day of May, 2020, the order of the Workers' Compensation Appeal Board (Board) is hereby AFFIRMED, in part, and REVERSED, in part, and the matter is REMANDED to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge